UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV193-J

PHILIP HANNA                                                                               PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff Philip Hanna seeks Disability Insurance benefits which were denied by the Commissioner. The case was referred to United States Magistrate Judge David King who recommends that the Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner affirmed.

On May 19, 2003, Mr. Hanna filed his application for Disability Insurance Benefits alleging that he is disabled by chronic degenerative disc disease and arachnoiditis (Tr. 46). After a hearing on October 28, 2004, Administrative Law Judge Peter Davenport ("ALJ") determined that Mr. Hanna suffers from severe impairments of degenerative disc disease, obesity and Hepatitis C, but that those impairments do not meet or medically equal listed impairments (Tr. 21). Even though he cannot return to his previous work, he was found capable of performing a significant range of sedentary work (Tr. 22). Plaintiff has appealed from this unfavorable Decision.

Plaintiff's objections include: 1) the disabling opinions of treating physicians Dr. Hochman and Dr. Frogge were entitled to controlling weight; 2) the ALJ erred in not evaluating his condition under Listing 1.04B; 3) the ALJ improperly evaluated his pain and credibility.

Plaintiff's first argument is that it was error for the ALJ not to give controlling weight to the disabling opinions of Dr. Hochman (his treating pain management physician) and Dr. Frogge. Plaintiff contends that Dr. Hochman's disabling opinion limiting him to working no more than two hours in an eight hour day with the need to change positions every twenty minutes due to back pain was not contradicted by Dr. Frogge's opinions or by other objective medical evidence of record. The Court has reviewed the two opinions of record from Dr. Frogge and finds inherent inconsistency. In the July 7, 2003 narrative report, Dr. Frogge states that the claimant, "will likely not be able to hold down any substantial job as he cannot sit for any length of time, or stand or do any lifting, squatting or any type of physical activity" (Tr. 327). In contrast, Dr. Frogge's December 16, 2003 "social security questionnaire" responses indicate that the claimant can sit for eight hours total in an eight-hour work day, stand/walk for less than four hours, lift/carry less than 20 pounds, and could "likely do sedentary work" (Tr. 390-391). In this instance, there are two contradictory opinions from Dr. Frogge.

Similarly, Dr. Hochman's disabling opinions contained in the very same "social security questionnaire" responses are contrary to those contained in Dr. Frogge's "social security questionnaire" responses. The Court finds that there are obvious and substantial inconsistencies which justify the ALJ's rejection of Dr. Hochman's opinions. In this case, it was not error for the ALJ to reject the disabling opinions of Drs. Frogge and Hochman and to instead rely upon the state agency program physician opinions.

Next, the claimant argues that it was error for the ALJ not to evaluate his impairments under Listing 1.04B pertaining to the spinal disorder arachnoiditis. In order to meet or equal the requirements of a listed impairment, a claimant must demonstrate specific findings that duplicate

the enumerated criteria of the listed impairment. Section 1.04 of the Listings addresses disorders of the spine and lists criteria for establishing disability per se for claimants with disorders of the spine. In order to meet the listing, the claimant must show both diagnosis of a listed condition and objective medical evidence documenting that the diagnosed condition meets the specific criteria of the applicable listing and the duration requirement. Listing 1.04B requires evidence of arachnoiditis as well as severe burning or painful dysesthesia, neither of which is mentioned by plaintiff's treating physicians in their "social security questionnaire" responses. Accordingly, the Court finds no error.

Finally, Plaintiff argues that the Commissioner erred as a matter of law in assessing his credibility. 20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;
2) The location, duration, frequency, and intensity of your pain or other symptoms;
3) Precipitating and aggravating factors;
4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ determined that the record does not support the claimant's testimony regarding the intensity and persistence of his allegedly disabling symptoms (Tr. 19). In the paragraph addressing credibility, the ALJ finds it significant that the plaintiff still mows the grass, shops, drives

for short distances, cooks, folds laundry, feeds and cares for his dog, swims, watches movies, does volunteer church work, and travels to Texas every four months.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of his credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly with regard to the inconsistencies between plaintiff's testimony and his activities of daily living. The Court finds that the ALJ's pain and credibility findings are supported by substantial evidence.

Of final note are medical records that have been referenced by plaintiff in his objections but which are not a part of the administrative record before the Court. Because these records were not before the ALJ, this Court cannot consider them except within the context of a Sentence Six remand. The Court concurs with the Magistrate Judge that there has been no showing of materiality or good cause to justify such a remand.

The Report and Recommendation of the Magistrate Judge is adopted and the Decision of the Commissioner affirmed.

A Judgment in conformity with this Memorandum Opinion has this day entered.